IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2002-2, ASSET-BACKED CERTIFICATES, SERIES 2002-2, § § § § § § | |
| Plaintiff, § | Civil Action No. 4:22-cv-03146 |
| § v. § § | |
| DIANNA FREEMAN, § § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2002-2, Asset-Backed Certificates, Series 2002-2 ("Deutsche Bank" or "Plaintiff") and files this its *Original Complaint* against Dianna Freeman ("Defendant"), and would respectfully show the Court as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location

is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Deutsche Bank has its main office in California. Therefore, Deutsche Bank is a citizen of California for diversity purposes.

2. Mack Freeman ("Decedent") was an obligor under the Loan Agreement described below. Mack Freeman died on or about June 15, 2019. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county where he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Defendant Dianna Freeman is an obligor under the Loan Agreement described below and surviving spouse of Decedent. She is a citizen of Texas may be served with process at her residence, 12407 Blue River Drive, Houston, TX 77050, or at such other place as she may be found. Summons is requested.

4. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. Due to Defendant's conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and

the amount in controversy is equal to the value of the property"). According to the Harris County Central Appraisal District Website, the Property involved in this matter is valued at $157,848.00 as of the 2022 appraisal. Therefore, the amount in controversy is well in excess of $75,000.00.

5. Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

7. On or about September 17, 2002 Decedent Mack Freeman and Defendant Dianna Freeman executed that certain *Adjustable Rate Note* (the "Note") in the original principal amount of $116,635.00 payable to Fremont Investment & Loan and bearing interest at the rate of 9.000% per annum. A copy of the Note is attached hereto as **Exhibit A**.

8. Concurrently with the Note, Decedent Mack Freeman and Defendant Dianna Freeman (together as "Borrowers") executed that certain *Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Fremont Investment & Loan a security interest in certain real property and improvements located in Walker County, Texas, commonly known as 12407 Blue River Drive, Houston, TX 77050, and more particularly described as:

> LOT TWO (2), BLOCK TWO (2), OF ROYAL GLEN SUBDIVISION, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 191, PAGE 115 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.
> (The "Property").

The Security Instrument was recorded in the Real Property Records for Harris County, Texas on September 19, 2002 under Document No. W091449. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

9. SGGH, LLC, successor in interest to Fremont reorganizing corporation f/k/a Fremont Investment & Loan assigned and transferred the Loan Agreement to Plaintiff as evidenced by the *Corporate Assignment of Deed of Trust* ("Assignment"). The Assignment was recorded in the official public records of Harris County, Texas, as Instrument No. RP-2016-220815. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

10. Plaintiff is the current holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a *mortgagee* of the Loan Agreement, as defined by § 51.0001(4) of the Texas Property Code.

11. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

12. The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

13. On or about June 15, 2019, Decedent Mack Freeman passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

14. The Loan Agreement is in default as of July 1, 2021. A *Notice of Default* was sent to Borrowers in accordance with the Loan Agreement and the Texas Property Code on March 8, 2021. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

15. The default was not cured. On June 30, 2022, a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent to Borrowers in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit E**.

16. All conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSES OF ACTION

#### A. DECLARATORY JUDGMENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

#### B. STATUTORY PROBATE LIEN

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

    a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

27. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant who acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

34. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial

foreclosure together with an order of sale issued to the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. ATTORNEYS FEES

35. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

### PRAYER

For these reasons, Plaintiff requests that Defendant be cited to appear and answer and that, upon final hearing, the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    Southern District Admission#21340
    Attorney in Charge
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Texas Bar No. 24093448
    Southern District Admission #3121681
    Of Counsel
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**