United States District Court
Southern District of Texas
**ENTERED**
May 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2002-2, ASSET-BACKED CERTIFICATES, SERIES 2002-2, | § § § § § § | |
| Plaintiff, | § | Civil Action No. 4:22-cv-03146 |
| v. | § § § | |
| DIANNA FREEMAN, | § § § | |
| Defendant. | § | |

## FINAL DEFAULT JUDGMENT

Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2002-2, Asset-Backed Certificates, Series 2002-2 ("Deutsche Bank" or "Plaintiff") is the Plaintiff and Dianna Freeman ("Defendant") is the Defendant. Defendant, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against her.

### I.

Plaintiff's Original Complaint ("Complaint") was served upon Defendant according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendant. The Court further finds that Plaintiff does not seek monetary damages against Defendant, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore,

## II.

In light of Defendant's default and the nature of Plaintiff's claims against them, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Original Complaint be and are deemed admitted as to Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Adjustable Rate Note* ("Note") in the principal amount of $116,635.00 ("Note"), originally payable to Fremont Investment & Loan as lender on a loan secured by the Property, executed by Decedent Mack Freeman and Defendant Dianna Freeman ("Borrowers").

**ORDERED, ADJUDGED AND DECREED** that certain *Deed of Trust* executed by the Borrowers ("Deed of Trust" and together with the Note, "Loan Agreement"), recorded in the official public records of Harris County, Texas, under Instrument W091449 on September 19, 2002, provides that Plaintiff as the current owner of the Note and mortgagee of the Deed of Trust, in the event of a default on the obligations on the Note, with a lien security interest on that certain real property commonly 12407 Blue River Drive, Houston, TX 77050, and more particularly described as:

> LOT TWO (2), BLOCK TWO (2), OF ROYAL GLEN SUBDIVISION, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 191, PAGE 115 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.
> (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Deed of Trust on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 9.000%; post-judgment interest at the Note interest rate of 9.000%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with foreclosure of Defendant's interest in the Property as provided in the Deed of Trust and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendant's interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendant, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendant as a further obligation of the debt, and not as a personal judgment against Defendant.

**ORDERED, ADJUDGED AND DECREED** that this is final judgment that fully and finally resolves all claims between Plaintiff and Defendant. All relief requested and not herein granted is denied.

Signed this 5th day of May, 2023 at Houston, Texas.

**UNITED STATES DISTRICT JUDGE**